IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD H. MacDERMID, individually )<br>and as Administrator of the Estate of )<br>NINA KAY MacDERMID, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>DISCOVER FINANCIAL SERVICES, )<br>d/b/a DISCOVER CHARGE CARD, )<br>)<br>Defendant. ) | CASE NO. 1:03-0111<br>MAGISTRATE JUDGE KNOWLES |

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's "Motion to Alter or Amend," filed pursuant to Fed. R. Civ. P. 59. Docket No. 142. Plaintiff moves the Court for an order altering or amending the Court's Order entered May 1, 2008 (Docket No. 138), which granted Defendant's Motion to Reconsider (Docket No. 131) and dismissed with prejudice Plaintiff's claims in his capacity as Administrator of the Estate of Nina Kay MacDermid. Defendant has filed a Response in Opposition to the Motion. Docket No. 143.

The following background will be helpful to an understanding of the issues raised in the instant Motion.

Plaintiff filed this diversity action in his individual capacity and in his capacity as Administrator of the Estate of his deceased wife, Nina Kay MacDermid. In the summer of 2001, Ms. MacDermid submitted three Internet applications for Discover credit cards, using the name of Plaintiff as the "Primary Applicant." Ms. MacDermid listed herself on the applications as an

"Authorized Buyer."  Ms. MacDermid received the credit cards at a post office box she had rented in order to conceal the existence of the cards from Plaintiff.

Ms. MacDermid quickly made approximately $15,000 worth of "bizarre purchases, including expensive, exotic cats."  Insofar as the record shows, neither Plaintiff nor Ms. MacDermid ever made any payments to Defendant on these accounts.

Defendant made a number of telephone calls to Plaintiff attempting to collect the unpaid balance.  One of Defendant's representatives threatened to criminally prosecute both Plaintiff and Ms. MacDermid.  Based upon Plaintiff's statements that he had not authorized or consented to his wife obtaining the credit cards in his name, a police report was filed.

Decedent committed suicide on June 13, 2003.  She left behind a handwritten note, which does not mention Defendant, credit cards, collection efforts, threats of jail, or fear of incarceration.

In this Complaint, Plaintiff raised claims of outrageous conduct and intentional infliction of emotional distress, violation of the Tennessee Consumer Protection Act, fraud and civil extortion, violation of the Fair Debt Collection Practices Act, and common law credit defamation/libel.  The Court granted Defendant's Motion to Dismiss the intentional infliction of emotional distress and Tennessee Consumer Protection Act claims.  The Court subsequently granted Defendant's Motion for Summary Judgment with regard to the other claims asserted by Plaintiff.

Plaintiff appealed to the Sixth Circuit, which affirmed all the dismissals except the intentional infliction of emotional distress claim.  *See MacDermid v. Discover Financial Services*, 488 F.3d 721 (6th Cir. 2007).  The Sixth Circuit stated in part as follows:

> We cannot agree with the dismissal of the outrageous conduct claim at the [Rule] 12(b)(6) stage. While Discover is correct that it was actually owed the debt in question, we disagree with its contention that Mrs. MacDermid was necessarily criminally liable for credit card fraud. As such, Mr. MacDermid as at least stated a claim for outrageous conduct based on Discover's threats of criminal prosecution for failure to pay a purely civil debt.
>
> . . .
>
> It would seem that something beyond the pleadings is required for Discover to show that Mrs. MacDermid had in fact committed fraud against the company – for example, via a copy of the on-line application and an explanation of the material misrepresentations contained therein.

488 F.3d at 729, 731-32.

After remand, the parties engaged in additional discovery and Defendant filed a Motion for Summary Judgment seeking to dismiss Plaintiff's claims for outrageous conduct. Docket No. 84. On April 3, 2008, the Court entered an Order granting in part and denying in part Defendant's Motion for Summary Judgment. Docket No. 104. The Court granted the Motion to the extent that Plaintiff's individual claims against Defendant were dismissed, except for his claim based upon Defendant's threats of jail and criminal prosecution directed to him. The Court also granted the Motion to the extent that Plaintiff's claims concerning threats by Defendant of civil litigation against Mrs. MacDermid were dismissed. In all other respects, however, the Motion for Summary Judgment was denied. The effect of that denial was to leave in place Plaintiff's individual claims for outrageous conduct and Plaintiff's claims, as Administrator of Mrs. MacDermid's Estate, for outrageous conduct based upon Defendant's threats of criminal prosecution directed to her.

On April 25, 2008, Defendant filed a "Motion to Reconsider" (Docket No. 131), asking

3

the Court to reconsider its Order denying Defendant's Motion for Summary Judgment. With the Motion to Reconsider, Defendant submitted the Affidavit of Valerie Kokoszka and three Exhibits – the Internet applications submitted by Ms. MacDermid. Despite Plaintiff's opposition to the "Motion to Reconsider" (Docket No. 135), the Court entered an Order granting the Motion for Reconsideration and dismissing with prejudice Plaintiff's claims in his capacity as Administrator of Mrs. MacDermid's Estate. Docket No. 138. It is that Order which the instant Motion seeks to alter or amend.

As an initial matter, the Court must consider whether Plaintiff's Motion is appropriately brought under Fed. R. Civ. P. 59. As the Court has previously noted, Fed. R. Civ. P. 59(e) pertains to Motions to Alter or Amend a Judgment. Docket No. 137, p. 2. A judgment, however, is defined in the Federal Rules of Civil Procedure to include only "a decree and any order from which an appeal lies." *Id.*, *citing* Fed. R. Civ. P. 54(a). The Order that the instant Motion seeks to alter or amend was not, at the time it was entered, an "order from which an appeal lies." At the time that Order was entered, there were still remaining claims brought by Plaintiff against Defendant in his individual capacity. Thus, the Order was not a "judgment" for purposes of appeal.

After the entry of the Order at issue, Plaintiff filed a Motion seeking a voluntary dismissal, without prejudice, of the remaining individual claims of Plaintiff. Docket No. 140. The Court granted that Motion and dismissed Plaintiff's individual claims without prejudice. Docket No. 141.

The Sixth Circuit addressed a similar situation, albeit in the context of an appeal, in *Hicks v. NLO, Inc.,* 825 F.2d 118 (6th Cir. 1987). In *Hicks*, defendants filed a Motion for Partial

4

Summary Judgment, which was granted by the trial court. One of plaintiff's claims remained after the granting of the Motion for Partial Summary Judgment. Plaintiff, with the approval of the Court, subsequently voluntarily dismissed her remaining claim and attempted to appeal from the previous Order granting the Motion for Partial Summary. The *Hicks* Court stated:

> The sole issue before the Court is whether plaintiff may appeal from the stipulation to dismiss her final claim where the District Court previously granted summary judgment against her on the other claims. Defendants argue that the stipulation to dismiss was not an order of judgment, which could impart finality to the . . . order granting [partial] summary judgment. . . .
>
> Generally, where the trial court allows the Plaintiff to dismiss his or her action without prejudice, the judgment is final for appeal purposes. . . . However, the Plaintiff cannot appeal since the judgment is not an involuntary adverse judgment against the Plaintiff. . . . Here the District Court's earlier grant of summary judgment was an involuntary adverse judgment against Plaintiff. Therefore, we hold that Plaintiff's dismissal with the concurrence of the Court of the only count of her complaint which remained unadjudicated imparted finality to the District Court's earlier order granting summary judgment.

825 F.2d at 120 (citations omitted).

In the case at bar, the Court concludes that Plaintiff's dismissal, with the concurrence of the Court, of the only count of his complaint which remained unadjudicated imparted finality to the Court's early Order granting partial summary judgment. Thus, as of the date of entry of the Order allowing Plaintiff's voluntary dismissal of his individual claims, the Order granting Defendant partial summary judgment became final for purposes of appeal and for purposes of Fed. R. Civ. P. 59(e). It is appropriate, therefore, to analyze the instant Motion as one to alter or amend pursuant to Rule 59(e).

In the Memorandum Opinion accompanying the Order at issue, the Court considered the

Affidavit of Valerie Kokoszka and the Exhibits thereto. The Court noted that the Affidavit and Exhibits established that the three internet accounts opened by Ms. MacDermid "were established solely as individual accounts for Donald MacDermid, not joint accounts." Docket No. 37, p. 4. The Court stated, "The undisputed facts further show that Ms. MacDermid used one or more of the credit cards with the knowledge that the use of the card was unauthorized by the person to whom the card was issued, Mr. MacDermid, in *apparent* violation of T.C.A. § 39-14-118(b)(4)." Docket No. 137, p. 4-5 (emphasis added, footnote omitted). T.C.A. § 39-14-118(b)(4) provides:

> (b) A person commits the crime of fraudulent use of credit or debit card who uses, or allows to be used, a credit or debit card or information from such card, for the purpose of obtaining property, credit, services or anything else of value with the knowledge that:
>
> . . .
>
> (4) For any other reason the use of the card is unauthorized by either the issuer or the person to whom the credit or debit card is issued.

The Memorandum Opinion further stated:

> In the instant Motion, Defendant also cites T.C.A. § 39-14-118(a), which provides, "A person commits the crime of illegal possession of a credit or debit card who, knowing the person does not have the consent of the owner . . . takes, exercises control over or otherwise uses that card or information from that card." It is undisputed that Ms. MacDermid used a credit card knowing that she did not have the consent of the owner, Mr. MacDermid.
>
> Finally, in the instant Motion, Defendant cites T.C.A. § 39-14-150, which provides in relevant part:
> (b) A person commits the offense of identity theft who knowingly obtains, possesses, buys, or uses, the personal identifying information of another:
>
> (1) With the intent to commit any unlawful act including, but not

> limited to, obtaining or attempting to obtain credit, goods, services
> or medical information in the name of such other person; and
>
> (2) (A) Without the consent of such other person; or
>
> (B) Without the lawful authority to obtain, possess, buy or use
> that identifying information.
>
> . . .
>
> (e) As used in this section, "personal identifying information"
> means any name or number that may be used, alone or in
> conjunction with any other information, to identify a specific
> individual, including:
>
> (1) Name, social security number, date of birth, official state of
> government issued driver licenses or identification number, alien
> registration number, passport number, employer or taxpayer
> identification number . . . .
>
> It is undisputed that Ms. MacDermid used Mr. MacDermid's
> name, social security number, and date of birth on the applications
> in obtaining or attempting to obtain credit in Mr. MacDermid's
> name without the consent of Mr. MacDermid.
>
> Under these circumstances, Defendant's threats to criminally
> prosecute Ms. MacDermid cannot, as a matter of law, constitute
> outrageous conduct.

Docket No. 137, p. 5-6.

Plaintiff raises four main arguments in the instant Motion. First, Plaintiff argues, as he did in his Response to the Motion to Reconsider, that Defendant's "Motion to Reconsider raised no legal error by the Court (within the meaning of Rule 59), and is procedurally improper (as untimely and unsupported) within the meaning of the local court rules and Rule 56 of the Federal Rules of Civil Procedure." Docket No. 142, p. 2. Second, Plaintiff argues that Defendant's Motion to Reconsider was essentially an "untimely Motion for Summary Judgment [which] did not meet the mandatory FRCP Rule 56 requirement of being 'served at least ten days before the

7

time fixed for the hearing.'" Third, Plaintiff argues that the Affidavit of Ms. Kokoszka "does not meet the minimal requirements of Rule 56, and that the purported 'application' copies are not properly before the Court." Docket No. 142, p. 3. Fourth, Plaintiff argues that, "Nothing contained in the record supports the conclusion, as a matter of law, that Nina Kay MacDermid was guilty of any criminal act." *Id.*, p. 4.

Before discussing Plaintiff's arguments in greater detail, the Court notes that Plaintiff completely fails to discuss Rule 59(e) or the applicable standards for considering a Motion to Alter or Amend filed pursuant to Rule 59(e). As Defendant points out:

> The United States Court of Appeals for the Sixth Circuit has clearly established the bases upon which a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure will be granted. "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"

Docket No. 143, p. 1(*citing Henderson v. Walled Lake Consol. Schools,* 469 F.3d 479, 496 (6th Cir. 2006) (further citation omitted).

Because Plaintiff has not discussed the standards for a Rule 59(e) Motion, Plaintiff does not specify which of the four grounds he is asserting. There is nothing in the record, however, to support such a Motion on the basis of newly discovered evidence or an intervening change in controlling law. The Court will assume, therefore, that Plaintiff is arguing that it committed one or more clear errors of law, or that there is a need to prevent manifest injustice. The Court will discuss Plaintiff's arguments in order below.

First, Plaintiff argues that Defendant's earlier Motion to Reconsider raised no legal error by the Court within the meaning of Rule 59. But as the Court explained in the Memorandum Opinion accompanying the Order granting the Motion to Reconsider, and as has been explained

8

above, Rule 59 did not apply to the Order granting the Motion to Reconsider because it was not a final judgment. The Court could, and did, properly analyze the Motion to Reconsider in accordance with Fed. R. Civ. P. 54(b), which provides in relevant part that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of the judgment adjudicating all the claims and all the parties' rights and liabilities.

The U.S. Supreme Court has stated, "every order short of a final decree is subject to reopening at the discretion of the district judge." *See Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 12 (1983).

Second, Plaintiff argues that the Motion to Reconsider was actually a new Motion for Summary Judgment, which was untimely because it did not meet the "mandatory" Rule 56 requirement of being served at least ten days before the time fixed for the hearing, and because the Court's previously-entered Scheduling Order had set a deadline for filing dispositive Motions of January 14, 2008.

In its Memorandum Opinion, the Court addressed a similar argument previously made by Plaintiff as follows:

> On August 16, 2007, the Court entered an Order setting the deadline for filing dispositive Motions on January 14, 2008. Docket No. 82. As Plaintiff argues, the instant Motion to Reconsider can be viewed as a new Motion for Summary Judgment, which is untimely. But if this evidence were presented at trial, and the Court has no reason to believe that it will not be, the Court would be compelled to grant Defendant a judgment as a matter of law under Fed. R. Civ. P. 50. The standard for granting a Motion for Summary Judgment under Fed. R. Civ. P. 56 mirrors the standard for granting a judgment as a matter of law under Rule 50(a).

9

Docket No. 137, p. 2 (citation omitted).

Even viewing the Motion to Reconsider as a new Motion for Summary Judgment, nothing prohibited the Court from extending the deadline for filing Motions for Summary Judgment beyond January 14, 2008.[1] Additionally, no hearing was ever set on the Motion, so the alleged "mandatory" requirement of Rule 56 was never triggered.

Plaintiff also mentions Local Rule 56.01, which allows a responding party twenty (20) days after service to respond to a Motion for Summary Judgment. Local Rule 7.01(b), however, specifically provides that "The Court may act on the Motion [including a Motion for Summary Judgment] prior to the time [for a response] set forth herein before."

Moreover, Plaintiff never raised any argument that he needed additional time to respond to the Motion to Reconsider. In fact, at the final pretrial conference held on April 28, 2008, the Court inquired as to how much time Plaintiff's counsel needed to respond to the Motion to Reconsider. He stated that he could respond by Wednesday, April 30, and he did so.

Third, Plaintiff argues that Ms. Kokoszka's Affidavit does not meet the requirements of Rule 56 and that the Exhibits are not properly before the Court. Plaintiff apparently concedes that the Exhibits are "business records," but Plaintiff argues that such records may be admitted

---

[1] Plaintiff cites Local Rule 16.01(f)(1)(b), which states in pertinent part:

> A dispositive Motion may be filed at any time during the case if it is filed prior to the deadline provided by the case management order subject, however, to section (b)(4)(d) above, which permits modification of case management orders under certain circumstances.

Local Rule 16.01(d)(4)(C) specifically allows a judge to modify a case management order sua sponte "without hearing or conference . . . ."

10

only if they are supported by an Affidavit that meets the requirements of Fed. R. Evid. 803(6).

Rule 56(e) provides in relevant part, "A supporting or opposing affidavit [regarding a Motion for Summary Judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Evid. 803(6) provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> (6) **Records of Regularly Conducted Activity –** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Plaintiff is correct that Ms. Kokoszka's Affidavit does not set forth all the criteria required by Rule 803(6). The Court notes that the vast majority of Affidavits submitted in support of Motions for Summary Judgment do not specifically address the requirements of Rule 803(6). This fact, however, is of no consequence.

Ms. Kokoszka's Affidavit establishes that she is a "Department Manager" with Defendant, and that she has personal knowledge of the matters set forth in the Affidavit. The Affidavit further states that part of her job responsibilities with Discover include handling fraud

11

claims, that in her role with Discover she is familiar with the Internet application process for the issuance of a Discover credit card, and that she is familiar with the three Internet applications submitted in the name of Donald MacDermid in 2001, which Discover's subsequent investigation established were filled out by Mrs. MacDermid. The Affidavit further identifies each application as "a true and correct copy of the application."

Plaintiff argues that Ms. Kokoszka does not represent herself as the "custodian" of the documents. As Plaintiff surely knows, however, "business records" under Rule 803(6) can be authenticated by "the custodian or other qualified witness."

Moreover, one noted authority has stated:

> The substance of the matter contained in the affidavit may not be based on information and belief, but must be based on personal knowledge. It must consist of admissible evidence in order properly to be considered in connection with the motion. *However, at the summary judgment stage, the focus is not on the form of evidence as it is presented in an affidavit, but rather, whether at trial the matter stated in the affidavit would constitute admissible evidence*. To be acceptable at summary judgment stage, the evidence presented in the affidavit must be evidence that would be admissible if presented in trial through the testimony of the affiant as a sworn witness.

**Moore's Federal Practice 3d** § 5614[1][d], p. 56-164 to 165 (emphasis added). *See also, Mohney v. USA Hockey, Inc.,* 77 F. Supp. 2d 859, 865 (M.D. Ohio 1999).

The Court's Memorandum Opinion specifically noted that there was no reason to believe that Ms. Kokoszka's evidence would not be presented at trial. Docket No. 137, p. 2. It is abundantly clear that the applications are indeed "business records," which could properly be authenticated by Ms. Kokoszka and presented as evidence at trial.

Finally, Plaintiff argues that nothing in the record supports the conclusion, as a matter of

12

law, that Ms. MacDermid was guilty of any criminal act. With all due respect, the Court never stated that Ms. MacDermid was "guilty" of any criminal act. The Court merely quoted several Tennessee statutes, explained how Ms. MacDermid's conduct fit precisely into the language of those statutes, and held that, under those circumstances, Defendant could not have committed outrageous conduct as a matter of law for threatening criminal prosecution of Ms. MacDermid. It was not necessary for Defendant to prove that Ms. MacDermid was actually "guilty" of anything, nor was it necessary for the Court to make any ruling with regard to this issue. The fact that Ms. MacDermid's conduct fit precisely into the language of several criminal statutes indicates that Defendant could have reasonably prosecuted Ms. MacDermid had it chosen to do so. Under those circumstances, no reasonable juror could find that Defendant committed outrageous conduct in threatening to do so, and summary judgment in Defendant's favor was mandated. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Stromback v. New Line Cinema,* 384 F.3d 283, 292 (6th Cir. 2004).

Plaintiff further argues that the criminal statutes "cited by Defendant," T.C.A. § 39-14-118(b)(4) and § 39-16-303(a), "both require proof of intent or purposeful misconduct." The short answer to this argument is that the Court also relied upon T.C.A. § 39-14-118(a) and T.C.A. § 39-14-150, both of which the Court quoted in the Memorandum Opinion, and neither of which is addressed by Plaintiff in the instant Motion. Even assuming that all the statutes cited by the Court would require a showing of knowledge or intent to prove a violation of that particular statute, as discussed above, it was not necessary for Defendant to prove (beyond a reasonable doubt or otherwise) that Ms. MacDermid was actually guilty of anything.

For the foregoing reasons, Plaintiff's "Motion to Alter or Amend" (Docket No. 142) will

13

be DENIED.  An appropriate Order will be entered.

_____
E. Clifton Knowles
United States Magistrate Judge

14